IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LEROY THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. _____ |
| GGNSC ATLANTA LLC and GGNSC | ) | |
| EQUITY HOLDINGS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION FOR REMOVAL

COME NOW GGNSC Atlanta LLC and GGNSC Equity Holdings LLC, and

hereby file this Petition for Removal, pursuant to the provisions of 28 U.S.C. §§ 1441,

et seq., and show this Court the following:

1.

The present action was commenced by the Plaintiff in the Superior Court of

Fulton County.  The suit is identified as Leroy Thompson v. GGNSC Atlanta LLC and

GGNSC Equity Holdings LLC, Superior Court of Fulton County, Civil Action File

No. 2011CV209628.

10665251v1

2.

The Complaint was the initial pleading setting forth the claim for relief upon which this action is based. (A true and correct copy of the Plaintiff's Complaint is attached hereto as Exhibit "A"). The earliest knowledge and first notice by Defendants, or its agents, of Plaintiff's Complaint was January 11, 2012.

3.

The filing of this Petition for Removal is timely in that it has been filed within thirty (30) days of the date of the Defendants first receiving notice of Plaintiff's Complaint.

4.

This action is of a civil nature. The substance of Plaintiff's Complaint is that Defendants were professionally negligent in that they failed to exercise the requisite degree of care, diligence and skill in caring for Plaintiff, Leroy Thompson, while was a resident of Golden LivingCenter – Northside. Specifically, Plaintiff contends that Defendants deviated from the standard of care in failing to provide adequate treatment to prevent the Plaintiff from developing decubitus ulcers.

10669753-1

5.

Plaintiff contends that as a result of Defendants' alleged negligence, he sustained severe injuries of the mind and body, pain and suffering, and the necessary cost of medical care; Plaintiff further contends that he is entitled to punitive damages.

6.

Plaintiff is a resident of the State of Georgia.

7.

Defendants GGNSC Atlanta LLC and GGNSC Equity Holdings LLC are non-resident corporations established under the laws of the State of Delaware with their principal place of business being located in Fort Smith, Arkansas.

8.

There exists complete diversity among the parties who are properly before the Court.

9.

This Court has jurisdiction under 28 U.S.C. § 1332 and, therefore, this action is one which may be removed to this Court by the Petitioners/Defendants, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1441(b), in that it is a civil action in which the

10669753-1

amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is an action between citizens of different states.

WHEREFORE, Petitioners, GGNSC Atlanta LLC and GGNSC Equity Holdings LLC, named Defendants in the action described hereinabove which is currently pending in the Superior Court of Fulton County, State of Georgia, Civil Action File No. 2011CV209628 pray that this action be removed therefrom to this Court.

Respectfully submitted this 9th day of February, 2012.

HAWKINS PARNELL
THACKSTON & YOUNG LLP

/s/ Marcus W. Wisehart
David C. Marshall
State Bar No. 471512
Christian J. Lang
State Bar No. 435437
Marcus W. Wisehart
State Bar No. 771355

*Counsel for Defendants*

4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243
Telephone: (404) 614-7400
Facsimile: (404) 614-7500
E-mail: dmarshall@hptylaw.com
E-mail: clang@hptylaw.com
E-mail: mwisehart@hptylaw.com

10669753-1

# EXHIBIT "A"

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

LEROY THOMPSON,

Plaintiff

vs.                                    CIVIL ACTION NO.: 2011CV209628

GGNSC ATLANTA LLC and
GGNSC EQUITY HOLDINGS LLC,

Defendants
_____/

## COMPLAINT

COMES NOW LEROY THOMPSON, Individually, and files this Complaint

against GGNSC DECATUR II LLC and GGNSC EQUITY HOLDINGS LLC. In

support thereof Plaintiff states as follows:

### PARTIES AND JURISDICTION

1.      Plaintiff, LEROY THOMPSON is a resident of Georgia.

2.      Defendant, GGNSC ATLANTA LLC, with the physical address of 5470

Meridian Mark Road, Atlanta, GA 30342, which is subject to the jurisdiction and venue

of this Court. Service of process may be perfected upon its Registered Agent,

Corporation Service Company, 40 Technology Parkway South, #300, Norcross GA

30092.

3.      Defendant, GGNSC EQUITY HOLDINGS LLC, with the address of 1000

Fianna Way, Fort Smith, AR 72919, which is subject to the jurisdiction and venue of this

Court. Service of process may be perfected upon its registered agent, Corporation

Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

4.      During the time frame relevant to the issues in this case, GGNSC

EQUITY HOLDINGS LLC owned, operated, dominated, managed, and made personnel

1

decisions regarding GOLDEN LIVING CENTER - NORTHSIDE, and employed the personnel at GOLDEN LIVING CENTER - NORTHSIDE directly and/or through its alter ego, agent, apparent agent, and wholly owned subsidiary Defendant, GGNSC ATLANTA LLC.

5.    During the time frame relevant to the issues in this case, GGNSC ATLANTA LLC was the licensee of GOLDEN LIVING CENTER - NORTHSIDE.

6.    GOLDEN LIVING CENTER – NORTHSIDE is the skilled nursing facility located at the physical address of 5470 Meridian Mark Road, Atlanta, GA 30342.

7.    This action is an action for damages in excess of Ten Thousand Dollars ($10,000.00).

8.    Venue is proper in the Superior Court of Fulton County since the causes of action accrued in whole or in part in Fulton County and Defendants transact business in and/or reside in Fulton County.

## FACTS

9.    LEROY THOMPSON was initially admitted to GOLDEN LIVING CENTER – NORTHSIDE for rehabilitation on March 3, 2011 without any pressure ulcers.

10.    During all relevant times, LEROY THOMPSON was a resident of GOLDEN LIVING CENTER – NORTHSIDE and in GOLDEN LIVING CENTER – NORTHSIDE and its staff's care and custody.

11.    LEROY THOMPSON paid or on LEROY THOMPSON's behalf payments were made for the care, services and skilled nursing of GOLDEN LIVING CENTER – NORTHSIDE and its staff.

2

12.     Defendants, at all relevant times, had a statutory duty to provide each resident, including LEROY THOMPSON, the necessary care and services to attain or maintain the highest practicable physical, mental, and psychosocial well-being.

13.     While in the care and custody of Defendants, LEROY THOMPSON was not provided with adequate pressure ulcer prevention and treatment.

14.     While in the care and custody of Defendants, LEROY THOMPSON was not provided with adequate hygiene care and assistance.

15.     While in the care and custody of Defendants, LEROY THOMPSON developed a large unstageable pressure ulcer to his buttocks area and his right heel.

## COUNT I - NEGLIGENCE

16.     Plaintiff incorporates by reference as if fully set forth every allegation set forth in Paragraphs 1 to 15 above.

17.     Defendants had full legal authority and responsibility for the operation of GOLDEN LIVING CENTER – NORTHSIDE during all relevant times of LEROY THOMPSON's residency.

18.     Defendants owed a non-delegable duty to LEROY THOMPSON to exercise reasonable care while he was a resident at GOLDEN LIVING CENTER – NORTHSIDE.

19.     Defendants are liable for the negligence of any staff working at GOLDEN LIVING CENTER – NORTHSIDE and/or Defendants' employees based on the theory of respondeat superior, agency and/or apparent agency.

20.     Defendants' employees negligently cared for LEROY THOMPSON by failing to exercise reasonable care:

    a)     failing to adequately monitor and document the condition of LEROY THOMPSON's skin breakdown;

    b)     failing to provide adequate pressure relief;

3

      c)      failing to adequately provide a plan of care to LEROY THOMPSON;

      d)      failing to provide wound care treatment to LEROY THOMPSON; and;

      e)      failing to timely provide assistance and hygiene care to LEROY THOMPSON.

21.      As a direct and proximate result of the negligence of Defendants and/or Defendants' employees, LEROY THOMPSON sustained severe injuries of the mind and body, pain and suffering, and the necessary cost of medical care.

## COUNT II - PROFESSIONAL NEGLIGENCE

22.      Plaintiff incorporates by reference as if fully set forth every allegation set forth in Paragraphs 1 to 21 above.

23.      Defendants' negligence, includes those negligent acts and/or omissions set forth in the Affidavit of Denise Dzialo, R.N., which is filed with this Complaint pursuant to the requirements of O.C.G.A. § 9-11-9.1. This Affidavit is incorporated into this Complaint as Exhibit "A".

24.      A medial authorization form is attached to this Complaint as Exhibit "B" to be in compliance with O.C.G.A. § 9-11-9.2(a). However, Defendants assume the risk for any violation of the Privacy Rule of the Health Insurance Portability and Accountability Act ("HIPAA").

25.      As a direct and proximate result of the negligence of the Defendants and/or Defendants' employees, LEROY THOMPSON, sustained severe injuries of the mind and body, pain and suffering, and the necessary cost of medical care.

26.      LEROY THOMPSON is entitled to recover all damages, which the jury determines to be proper including damages for his pain and suffering and medical expenses.

4

## COUNT III - NEGLIGENCE PER SE

### Violation of Bill of Rights -- O.C.G.A. SEC. 31-8-100, *et. seq.*

27.     Plaintiff incorporates by reference as if fully set forth every allegation set forth in Paragraphs 1 to 26 above.

28.     The Georgia Bill of Rights for Residents of Long-Term Care Facilities was enacted to protect nursing home residents, such as LEROY THOMPSON, from abuse and neglect and to ensure their dignity and personal integrity.

29.     The Bill of Rights for Residents of Long-Term Care Facilities, O.C.G.A. § 31-8-108(a) provides that residents of Long-Term Care Facilities, including LEROY THOMPSON, are entitled to receive care, treatment, and services, which are adequate and appropriate.

30.     Moreover, Georgia law provides that the care, treatment, and services shall be provided with reasonable care and skill, in compliance with applicable laws and regulations, with respect for the resident's personal dignity and privacy.

31.     Defendants' acts and omissions as stated in this Complaint and Exhibit "A" to this Complaint violate the Bill of Rights for Residents of Long-Term Care Facilities and as a direct and proximate result, LEROY THOMPSON sustained severe injuries of the mind and body, pain and suffering, and the necessary cost of medical care.

32.     LEROY THOMPSON is entitled to recover all damages, which the jury determines to be proper including damages for LEROY THOMPSON's pain and suffering and medical expenses.

## COUNT IV - STATUTORY CAUSE OF ACTION

33.     Plaintiff incorporates by reference as if fully set forth every allegation set forth in Paragraphs 1 to 32 above.

34.     O.C.G.A. § 31-8-126 expressly provides that "[a]ny person or persons aggrieved because a long-term care facility has violated or failed to provide any right granted under this article shall have a cause of action against such facility for damages and such other relief as the court having jurisdiction of the action deems proper."

35.     The Georgia Bill of Rights for Residents of Long-Term Care Facilities, O.C.G.A. § 31-8-108(a) provides that residents of Long-Term Care Facilities, such as LEROY THOMPSON, are entitled to receive care, treatment, and services, which are adequate and appropriate.

36.     Moreover, Georgia law provides that the care, treatment, and services shall be provided with reasonable care and skill, in compliance with applicable laws and regulations, with respect for the resident's personal dignity and privacy.

37.     Defendant's acts and omissions as stated in this Complaint and Exhibit "A" to this Complaint violated the Georgia Bill of Rights for Residents of Long-Term Care Facilities and as a direct and proximate result, LEROY THOMPSON sustained severe injuries of the mind and body, pain and suffering, and the necessary cost of medical care.

38.     LEROY THOMPSON is entitled to recover all damages which the court deems proper and the jury determines to be proper including damages for LEROY THOMPSON's pain and suffering and medical expenses.

## COUNT V – WILFUL, WANTON, RECKLESS CONDUCT

39.     Plaintiff incorporates by reference as if fully set forth every allegation set forth in Paragraphs 1 to 38 above.

40.     Defendants' and their employee's repeated and continuous failures as set

6

forth herein rise to the level of displaying wilful, wanton, and reckless disregard and

evidence an entire want of care, which would raise a presumption of conscious

indifference to the consequences.

41.     Defendants' conduct is such that Plaintiffs are entitled to punitive damages

from Defendants, therefore in order to punish, penalize and deter Defendants from further

repetition of the conduct alleged herein.

42.     WHEREFORE, Plaintiff prays for the following:

a.     that Summons be issued and served upon the Defendant as
       provided by law;
b.     that all issues herein be tried before a jury;
c.     that the Plaintiff has judgment entered in his favor against the
       Defendant, jointly and severally in an amount in excess of $10,000
       for all damages, together with punitive, recoverable by law;
d.     that all costs of this action be cast against the Defendant; and
e.     that Plaintiff has such other relief as is just and proper.

Respectfully Submitted,

Eric K. Milles, Esq.
GA Bar # 508982
GARVIN & MILLES, P.A.
1582 Village Square Blvd.
Tallahassee, FL 32309
(850) 422-3400 (telephone)
(850) 906-9878 (facsimile)

# AFFIDAVIT

STATE OF GEORGIA
COUNTY OF Gwinnett

Before me, the undersigned officer duly authorized to administer oaths came

Denise Dzialo, who after first being duly sworn, states as follows:

1.

I am Registered Nurse licensed to practice nursing in the State of Georgia. I have

devoted professional time during 3 of the last 5 years immediately preceding the date of

the occurrence that is the basis of this Affidavit to the active clinical practice of nursing.

By reason of my active clinical practice, I have knowledge of the applicable standard of

care for nurses, or other medical support staff.

2.

Based upon my education, training and experience, I am familiar with that degree

of care and skill ordinarily exercised by nursing homes, nursing staff (including R.N.s,

L.P.N.s and C.N.A.s) under the same or similar circumstances or like surrounding

conditions (the "Standard of Care"). Specifically, I am familiar with the care and

treatment of patients such as Leroy Thompson as his condition is reflected in the medical

records that I have reviewed.

3.

I have personally reviewed the following medical records pertaining to Leroy

Thompson:

      a.     Northside Hospital
      b.     Golden Living Center – Northside
      c.     Hyperbaric Physicians of Georgia



EXHIBIT
A

d.    Gentiva Health Services

4.

Based upon my education, training and experience, and upon the information

contained in the documents that I have reviewed, it is my opinion that Golden Living

Center - Northside and the nursing staff who were charged with the care and treatment of

Leroy Thompson during his residency at Golden Living Center - Northside, failed to

exercise the degree of care and skill ordinarily exercised by nursing homes, nursing staff,

and members of the medical profession generally under the same or similar

circumstances or like surrounding conditions (the "Standard of Care"). It is my opinion

that these failures resulted in Leroy Thompson suffering pressure ulcers to his heel(s) and

buttocks area.

5.

Golden Living Center - Northside and the nursing staff had the following duties

under the standard of care including, but not limited, to the following:

a.    The duty to implement adequate and appropriate measures to prevent the
       development of pressure ulcers;

b.    The duty to implement adequate and appropriate measures to prevent
       dehydration; and

c.    The duty to accurately and properly assess Leroy Thompson's skin
       condition.

6.

It is my professional opinion, that Golden Living Center - Northside and its

nursing staff deviated from the standard of care and breached the above-stated duties for

similarly situated health care providers in their care and treatment for Leroy Thompson in the following ways:

    a.    failing to accurately assess Leroy Thompson's skin condition;

    b.    failing to provide adequate pressure relief to Leroy Thompson; and

    c.    failing to provide adequate turning and repositioning and pressure relief interventions.

7.

It is my opinion that the above failures and/or omissions demonstrated breaches of the prevailing professional standards of care by the health providers at Golden Living Center - Northside and it nursing staff's resulted in injuries to Leroy Thompson, including the development and/or progression of multiple pressure ulcers.

8.

I further state, that to the best of my knowledge, I have never had any opinions disqualified in any administrative forum, court of law, or other proceedings, nor have I ever been disqualified as an expert witness. I have never been found guilty of fraud or perjury in any jurisdiction.

FURTHER AFFIANT SAYETH NOT.

_Denise Dzialo RN_

Denise Dzialo, R.N.

The forgoing Affidavit was acknowledged before me, an officer duly authorized

in the State and County aforesaid, to take acknowledgements, this _7_ day of

_December_, 2011, by Denise Dzialo, R.N., who is either personally known to me or

produced the following identification: _CA Drivers Lic._ .

_KL Davies_
Notary Signature
Notary Public, Gwinnett County, Georgia
My Commission Expires Nov. 20, 2012

_K L. DAVIES_
Printed Name

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

LEROY THOMPSON,

      Plaintiff,

v.                            CASE NO:

GOLDEN LIVING CENTER –
NORTHSIDE

      Defendant.

_____/

### O.C.G.A. § 9-11-9.2 AUTHORIZATION

COMES NOW Plaintiff in the above-styled action, submits this Authorization pursuant to O.C.G.A. § 9-11-9.2

I, LEROY THOMPSON, hereby authorize the attorney representing GOLDEN LIVING CENTER - NORTHSIDE, to obtain and disclose protected health information contained in medical records to facilitate the investigation, evaluation, and defense of the claims and allegations set forth in the Complaint, which pertain to LEROY THOMPSON. This authorization includes said defense attorney's right to discuss the care and treatment of LEROY THOMPSON with all of LEROY THOMPSON's treating physicians.

This authorization provides for the release of all protected health information **except information that is considered privileged** and authorizes the release of such information to said defense attorney by any physician or health care facility by which health care records of LEROY THOMPSON are maintained.

I request that you notify my attorney, Eric K. Milles, Esq., GARVIN & MILLES, 1582 Village Square Boulevard, Tallahassee, FL, 32309, (850) 422-3400, in the event you provide the protected health information to anyone. I also request that you notify my attorney of any request

EXHIBIT

B

by defense counsel for you to meet with defense counsel to discuss any protected health

information and further request that my attorney be allowed to attend any such meeting.

Dated this _28TH_ day of _JUNE_ 2011.


LEROY THOMPSON

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LEROY THOMPSON,                          )
                                         )
    Plaintiff,                           )
                                         )
v.                                       )    CIVIL ACTION
                                         )    FILE NO. _____
GGNSC ATLANTA LLC and GGNSC              )
EQUITY HOLDINGS LLC,                     )
                                         )
    Defendants.                          )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the

within and foregoing **PETITION FOR REMOVAL** upon Plaintiff by depositing

same in the United States certified mail, return receipt requested and with

sufficient postage affixed thereon and addressed as follows:

Eric K. Milles, Esq.
Garvin & Milles, P.A.
1582 Village Square Blvd.
Tallahassee, FL 32309

10669753-1

This 9th day of February, 2012.

/s/ Marcus W. Wisehart
David C. Marshall
Christian J. Lang
Marcus W. Wisehart

4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243
Telephone:  (404) 614-7400
Facsimile:  (404) 614-7500
E-mail:  dmarshall@hptylaw.com
E-mail:  clang@hptylaw.com
E-mail:  mwisehart@hptylaw.com

*Counsel for Defendants*